**BRESSLER, AMERY & ROSS, P.C.**
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200 (phone)
(973) 514-1660 (facsimile)
*Attorneys for Defendants*
*Estes Express Lines and Owusu Bempah Kofi*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHONG YONG KIM,<br><br>               Plaintiff,<br><br>v.<br><br>OWUSU BEMPAH KOFI, ESTES EXPRESS LINES, "JOHN DOES 1-5", and "ABC COMPANIES 1-5", (all being fictitious designations),<br><br>               Defendants. | Civil Action No.: 2:18-cv-8753<br><br><br>**ANSWER TO COMPLAINT, CROSS-CLAIMS, ANSWER TO ALL CROSS-CLAIMS, AND AFFIRMATIVE DEFENSES** |

Defendants, Estes Express Lines, Inc. ("Estes") and Owusu Bempah Kofi ("Mr. Kofi") (collectively, "Defendants") by way of Answer to Plaintiff Chong Yong Kim's ("Plaintiff") Complaint, state the following:

**<u>FIRST COUNT</u>**

1.      Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 1 of the Complaint.

2.      Defendants deny the allegations as set forth in Paragraph 2 of the Complaint, except to state that Mr. Kofi was the operator of the vehicle owned by Estes.

3.      The allegations in paragraph 3 of the Complaint are not directed against Defendants.  To the extent the allegations make a claim against Defendants, same are denied.

4.      Defendants deny the allegations as set forth in Paragraph 4 of the Complaint.

4769282_1

5.    Defendants deny the allegations as set forth in Paragraph 5 of the Complaint.

6.    Defendants deny the allegations as set forth in Paragraph 6 of the Complaint.

**WHEREFORE**, Defendants demand dismissal of the Complaint, with prejudice, together with costs, fees, disbursements and such other and future relief as the Court deems just.

### CROSS-CLAIM FOR CONTRIBUTION

Defendants hereby demand contribution from all co-Defendants in accordance with the provisions of the Joint Tortfeasors Contribution Law and the Comparative Negligence Law.

### CROSS-CLAIM FOR INDEMNIFICATION

While denying liability to the Plaintiff for the accident and damages alleged, if judgment is recovered by Plaintiff against these Defendants, it is hereby asserted that the Defendants' negligence was merely constructive, technical, imputed or vicarious and that Plaintiff's actions and damages arose through the direct and primary negligence of the co-Defendants and/or Plaintiff.

### ANSWER TO ALL CROSS-CLAIMS

Defendants hereby deny all allegations to any cross-claims filed against them.

**WHEREFORE,** Defendants seek dismissal of any cross-claims with prejudice, together with attorneys' fees, interest, cost of suit, and such other relief that the Court deems just and proper.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief may be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Defendants breached no duty owed to Plaintiff by operation of contract or law.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of estoppels, laches and/or waiver.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are due to the acts and/or omissions of third persons over whom the Defendants have no control or right of counsel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or must be reduced by virtue of Plaintiff's failure to mitigate, minimize or avoid the damages allegedly sustained.

## SEVENTH AFFIRMATIVE DEFENSE

Any liability which might otherwise be imposed upon the answering Defendants should be reduced by application of comparative negligence.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be denied or reduced by the contributory negligence of Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any damages by virtue of any act or omission of the answering Defendants any of its agents or employees.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because there is no causal relationship between any acts or omissions by the answering Defendants and the damages, if any, suffered by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, or must be reduced, by virtue of Plaintiff's failure to mitigate, minimize or avoid unpaid medical bills by obtaining mandated Affordable Care Act Coverage.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint was improperly served upon Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in their entirety by the doctrines of accord and satisfaction and/or consent, release, payment, waiver, ratification, settlement  and other defenses.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right pending the completion of discovery herein to assert such additional defenses as may exist.

> **BRESSLER, AMERY & ROSS, P.C.**
> *Attorneys for Defendants*
> *Estes Express Lines and Owusu Bempah Kofi*

By: _____

MaryJane Dobbs

Dated: May 22, 2018

## CERTIFICATE OF SERVICE

On this day, I certify that a copy of the above and foregoing Answer to Plaintiff's Complaint, Cross-claims, Answer to Cross-claims and Affirmative Defenses was caused to be filed by ECF.  I also hereby certify that a true copy of the above and foregoing notice was delivered by ECF to:

> Shane Alexander Sullivan, Esq.
> JAE LEE LAW, P.C.
> 2050 Center Avenue, Suite 120
> Fort Lee, New Jersey  07024
> *Attorneys for Plaintiff Chong Yong Kim*

---

Emily J. Bordens

Dated: May 22, 2018